◼ In the Matter of BELJAO HOLDING CORP., Appellant, v. NEW YORK STATE DEPARTMENT OF TRANSPORTATION, Respondent.— Appeal from a judgment of the Supreme Court at Special Term, entered July 7, 1971 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to require the respondent to change Route 12, allow left turns into its shopping center from said highway, and to reopen Mullaney Road and allow left turns onto it. The petitioner is the owner and developer of a shopping plaza located on the west side of Route 12 in the Town of Deerfield, Oneida County. As it abuts the petitioner's property, Route 12 is a four-lane highway with a center mall and a 60 miles per hour speed limit. The petitioner's papers allege that, prior to constructing the shopping plaza, its representative met with an official of the respondent and was officially given assurance that left hand turns from the northbound lane of Route 12 into its plaza would continue to be permitted. The petitioner's papers assert that it relied on the statements made by the respondent's representative in deciding to purchase the property and erect the plaza in regard to traffic patterns. On or about November 5, 1969 the respondent decided not to permit any left turns into the plaza and further closed an intersecting highway with the apparent result that some of the petitioner's potential customers would not have direct access to the plaza. In March of 1970 the petitioner was informed by the respondent that he should submit an alternative plan for consideration. Such a plan was submitted but was rejected in November of 1970. This proceeding was commenced on February 2, 1971. Special Term found that the proceeding was not timely commenced from the time of the initial determination on November 5, 1969. Since it appears that the petitioner was invited to submit an alternative plan and that plan was not rejected until November, 1970, it is apparent that the proceeding was commenced within four months of that date. The rejection of the alternative plan in November of 1970 constituted the final determination as to the respondent for the purposes of a review pursuant to CPLR article 78. (See *Matter of Camperlengo* v. *State Liq. Auth.,* 16 A D 2d 342; *Matter of Castaways Motel* v. *Schuyler,* 24 N Y 2d 120.) Nevertheless, the proceeding was properly dismissed. The affidavits and papers submitted on behalf of the petitioner are inadequate to establish that the respondent's determination was arbitrary or further that there was any unreasonable deprivation of access to the petitioner's present premises. (See *Bopp* v. *State of New York,* 19 N Y 2d 368, 372.) Judgment affirmed, with costs. Herlihy, P. J., Staley, Jr., Greenblott, Main and Reynolds, JJ., concur.